UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-00097-LLK

JUDITH HOGANCAMP                                                                        PLAINTIFF

v.

CAROLYN COLVIN                                                                           DEFENDANT
    Acting Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

Judith Hogancamp filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her application for disability benefits. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.

Plaintiff seeks review of a decision issued by administrative law judge (ALJ) Michael Comisky. This is Plaintiff's second application for benefits to be reviewed by this Court. This Court previously affirmed the Commissioner's final denial decision with regard to Plaintiff's first application in *Hogancamp v. Commissioner*, No. 5:12-CV-00040-R. In that case, Phylis Pierce was the ALJ.

Plaintiff alleges that the ALJ[1] made several errors in denying her second application. In her fact and law summary, Plaintiff argues that the ALJ erred in not giving controlling weight to the disabling opinion by her treating pain management specialist, Laxmaiah Manchikanti, M.D. The Court finds the argument to be unpersuasive because Dr. Manchikanti's opinion was part of the prior, not the current, administrative record.

Following this Court's Order for Further Briefing, Plaintiff contends in her supplemental brief that the ALJ erred in adopting ALJ Pierce's residual functional capacity (RFC) finding rather than

---

[1] Unless indicated otherwise, "ALJ" means ALJ Comisky.

1

determining her RFC de novo in light of new and material evidence submitted after the prior decision. The argument is persuasive.

Therefore, the Court will REMAND this matter to the Commissioner for a new decision and de novo determination of Plaintiff's RFC in light of new and material evidence submitted by Plaintiff.

**Background facts and procedural history**

Plaintiff alleges disability, in part, due to right lower extremity radicular symptoms and numbness and tingling in her hands.

In her decision dated October 5, 2010, ALJ Pierce limited Plaintiff to standing/walking for 2 out of 8 hours and sitting for the remaining 6 hour. AR, p. 75.

In February, 2011, in connection with the present disability claim, the state agency program physician adopted ALJ Pierce's prior RFC because there was "[n]o new current MER [medical evidence records] to review." AR, p. 326.

At the administrative hearing, Plaintiff submitted new medical evidence records from 2011 and 2012, consisting of an x-ray of her knees, a lumbar spine MRI, and a cervical spine MRI, the results of which might explain her allegedly disabling symptoms. AR, pp. 349-355.

The ALJ reviewed this evidence (AR, pp. 28-29) and concluded that it does not change ALJ Pierce's RFC: "The undersigned finds that new and material evidence received in relation to the claimant's current application for disability benefits does not significantly alter the findings of the ... [RFC] as set forth by the prior [ALJ]." AR, p. 31.

The ALJ adopted ALJ Pierce's RFC pursuant to *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir.1997): "As held in [*Drummond*], an [ALJ] is bound by the findings of another [ALJ] in a prior determination on the claimant's eligibility for social security benefits absent evidence of significant change [i.e., worsening, in this case] in a claimant's condition." AR, p. 26.

The ALJ denied Plaintiff's disability claim based upon a vocational hypothetical that explicitly contemplated ALJ Pierce's RFC. AR, p. 64.

The vocational expert (VE) testified that the individual could perform Plaintiff's past relevant work as a sedentary secretary and 911 dispatcher. AR, p. 32.

Plaintiff's fact and law summary and the Commissioner's response in opposition are at Docket Nos. 12 and 13.

The Court ordered the parties to brief some additional questions related to the ALJ's interpretation and application of *Drummond* and his finding that the new radiographic evidence was not material. Docket 14. The supplemental briefs of the Commissioner and Plaintiff are at Docket Nos. 15 and 18, respectively.

This matter is ripe for determination. The Court will first address Plaintiff's meritorious claims presented in her supplemental brief.

### ***Drummond v. Commissioner***

Citing *Drummond*, supra, the ALJ opined that he was bound by res judicata to adopt ALJ Pierce's prior RFC finding, which restricted Plaintiff to a non-disabling range of sedentary work. The alternative would have been for the ALJ to evaluate / re-evaluate Plaintiff's RFC afresh based upon the evidence as a whole.

The Commissioner has responded that, in 1998, the Social Security Administration (SSA) promulgated Acquiescence Ruling (AR) 98-4(6), recognizing the applicability of *Drummond* in cases arising within the Sixth Circuit and providing explanation and guidance to adjudicators regarding how to apply *Drummond*. According to the Commissioner, "ALJ Comisky's statements were not inconsistent with AR 98-4(6)." Docket 15, p. 3. According to Plaintiff, the ALJ's interpretation and application of *Drummond* amounted to a "twisting [of] the meaning and holding of *Drummond* far beyond what it was

3

intended [and improperly putting] a drastic burden on the claimant [to show a worsening] that was in no way anticipated or intended by the Court in *Drummond*." Docket 18, p. 4.

**AR 98-4(6)**

The "Commissioner's Acquiescence Rulings ... are not the supreme law of the land." *Martin v. Commissioner*, 2014 WL 840228 (E.D.Mich.). This Court is bound to enforce *Drummond* as written, not as interpreted and applied by the SSA and the ALJ.

*Drummond* held that an ALJ may not increase a claimant's RFC (from sedentary to medium) absent new and material evidence showing a medical improvement in claimant's medical impairment. *Drummond* was silent regarding the opposite / corollary question: Whether an ALJ may decrease a claimant's RFC absent evidence of medical worsening.

The Court acknowledges that AR 98-4(6) appears to support the Commissioner's interpretation of *Drummond* as prohibiting a decreased RFC absent evidence of worsening. However, the Court is not bound by 98-4(6).

The Fourth Circuit has determined that, while res judicata protects a subsequent claimant from arbitrary, unfavorable re-adjudication of RFC absent evidence of medical improvement, it does not give the Commissioner the right to decline to evaluate a subsequent claim de novo simply because there is no clinical evidence of medical worsening. A claimant need not affirmatively show a medical worsening as it may be presumed that "the reality that the mere passage of time often has a deleterious effect on a claimant's physical or mental condition." *Albright v. Commissioner*, 174 F.3d 473, 476 (4th Cir.1999).

The Sixth Circuit has recognized that the "holding in *Drummond* reflects 'the reality that the mere passage of time often has a deleterious effect on a claimant's physical or mental condition.'" *Asbury v. Commissioner*, 2003 WL 22905325 n.2 quoting *Albright*.[2]

---

[2] The parallels between this case and developments in Fourth Circuit law run deep:

For the reasons indicated in *Albright* and based upon the Sixth Circuit's approval of those principles in *Asbury*, Plaintiff was not required to show a medical worsening prior to the ALJ's duty to evaluate / re-evaluate Plaintiff's RFC de novo.

## No presumption of continuing non-disability

There is a line cases indicating that there is a "presumption of continuing non-disability" from prior to subsequent claim. See *Haddix v. Commissioner*, 2010 WL 4683766 (E.D.Ky.) (collecting authorities). The Court acknowledges that, although the ALJ did not explicitly rely upon it, such a presumption might have supported the ALJ's adoption of ALJ Pierce's prior RFC.

The presumption can be traced back to *Casey v. Secretary*, 987 F.2d 1230, 1232-33 (1993), wherein the Sixth Circuit stated in passing that "when a plaintiff previously has been adjudicated not disabled, she must show that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity." However, SSA has no such presumption. AR 98-4(6) states that, except to the extent *Drummond* requires a contrary result, SSA's policy is one of de novo determination of subsequent claims: "[W]hen adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period."

Although some courts within the Sixth Circuit have found a presumption of continuing non-disability, the Sixth Circuit itself has never clearly recognized such a presumption. In addition, to the

---

Just as SSA adopted AR 98-4(6) in response to *Drummond* (improper RFC increase from sedentary to medium), SSA adopted AR 94-2(4) in response to *Lively v. Secretary*, 820 F.2d 1391 (4th Cir.1987) (improper increase from light to heavy). *Albright* went one step further rejecting SSA's interpretation of *Lively* as requiring claimant to prove that his impairment was no longer "not severe" due to medical worsening, and SSA officially recognized this approach in cases arising in the Fourth Circuit. AR 00-1(4).

This case raises the issue of whether SSA fairly interprets *Drummond* as requiring Plaintiff to prove that her RFC has decreased due to medical worsening. The Court has answered the question in the negative.

extent it ever existed, there is no indication that the presumption survived SSA's clear policy statement to the effect that there is no such presumption.[3]

### *Haddix v. Commissioner*

Although *Haddix*, supra, is on questionable footing in terms of a continuing presumption of continuing non-disability for the reasons indicated, its reasoning otherwise appears germane to a proper determination of this case.

In *Haddix*, as in the present case, the ALJ adopted his predecessor's RFC finding due to lack of evidence of medical worsening. The *Haddix* court was prepared to affirm the ALJ's decision pursuant to AR 98-4(6). However, it could not help but observe the unusual thoroughness of the ALJ's RFC assessment: "Painful as it is to say, this is a case where the ALJ appears to have done too much."

*Haddix* was unable to determine whether the basis for the ALJ's RFC finding was res judicata / AR 98-4(6) (which should have been a rather brief determination) or a de facto reopening of the prior RFC and de novo assessment / re-assessment of the current RFC (which would explain the unusual thoroughness).

*Haddix* remanded the matter for a new decision as the decision path actually taken by the ALJ was insufficiently clear to allow for meaningful judicial review.

In this case, the ALJ's RFC assessment seems similarly thorough, and his decision path is unclear. Therefore, even if there is a presumption of continuing non-disability, a remand is required for clarification of the ALJ's decision rationale.

---

[3] Certainly, the Sixth Circuit has not gone as far as the Ninth Circuit in insisting upon a presumption of continuing non-disability. See AR 97-4(9), recognizing *Chavez v. Secretary*, 844 F.2d 691 (9th Cir.1988) (presumption of continuing non-disability) notwithstanding SSA's policy to the contrary.

The Eleventh Circuit, which (like the Sixth Circuit) had or arguably had a presumption of continuing non-disability, held that SSA eliminated the presumption when it promulgated an AR analogous to AR 98-4(6). *Randolph v. Commissioner*, 2008 WL 4148518 (11th Cir.).

**New and material evidence undermines the ALJ's adoption of the prior RFC**

In its Order For Further Briefing, the Court invited the parties to consider whether the ALJ erred in finding that *Drummond* bound him to his predecessor's RFC. There were two components to this question: 1) Whether the ALJ erred in interpreting *Drummond* as requiring him to adopt the prior RFC absent affirmative clinical evidence of a worsening of Plaintiff's medical impairments; and 2) Whether the new evidence submitted by Plaintiff, in fact, showed such a worsening and thereby entitled Plaintiff – even under the ALJ's standards -- to an updated determination of her RFC.

The Court has determined that the ALJ did not err in interpreting *Drummond* as requiring him to adopt the prior RFC absent affirmative clinical evidence of a worsening of Plaintiff's medical impairment. The Court shall now consider the question of whether the new evidence submitted by Plaintiff, in fact, showed such a worsening and thereby entitled Plaintiff – even under the ALJ's standards – to an updated determination of her RFC.

Plaintiff alleges disability due to right lower extremity radicular symptoms and numbness and tingling in her hands.

In her decision dated October 5, 2010, ALJ Pierce limited Plaintiff to standing/walking for 2 out of 8 hours and sitting for the remaining 6 hour. AR, p. 75.

In February, 2011, in connection with the present disability claim, the state agency program physician adopted ALJ Pierce's RFC because there was "[n]o new current MER [medical evidence records] to review." AR, p. 326.

At the administrative hearing, Plaintiff submitted new evidence from 2011 and 2012, consisting of the following: a knee x-rays from June, 2011, showing tricompartment osteoarthritis of both knees, large right knee effusion, and moderate left knee effusion (AR, p. 350); a lumbar spine MRI from February, 2012, showing old L2 compression fracture, degenerative disc and facet joint disease at multiple levels with possible right lateral disc protrusion at L3-4 (AR, pp. 352-353); a cervical spine x-ray

/ MRI from May, 2012, showing moderate narrowing of the C4-5, C5-6 and C6-7 discs with moderate to large anterior osteophytes at these disc levels and mild narrowing of the C7-T1 disc (AR, p. 355). Plaintiff alleges that this new evidence explains her complaints of right lower extremity radicular symptoms and numbness and tingling in her hands.

The ALJ reviewed this evidence (AR, pp. 28-29) and found that, from a medical perspective, it did not change ALJ Pierce's prior RFC: "The undersigned finds that new and material evidence received in relation to the claimant's current application for disability benefits does not significantly alter the findings of the ... [RFC] as set forth by the prior [ALJ]." AR, p. 31.

The ALJ lacked the medical expertise to make this finding. There is a reasonable probability that, if given an opportunity to consider the new evidence, the state agency program physician would have departed from ALJ Pierce's RFC and evaluated Plaintiff's RFC de novo.

A remand is required for consideration of the impact of the new and material evidence upon Plaintiff's RFC.

**Unpersuasive contentions**

Plaintiff's remaining contentions are unpersuasive.

In its Order For Further Briefing, the Court asked the parties to consider an apparent discrepancy between the RFC findings of ALJ Pierce and ALJ Comisky. ALJ Pierce found that Plaintiff is limited to standing/walking for 2 out of 8 hours and sitting for the remaining 6 hours. ALJ Comisky stated that he was "bound" by this finding. However, in his written decision, he found that Plaintiff "can stand and/or walk (with normal breaks) for about six hours of an eight-hour workday," with no specific finding regarding Plaintiff's ability to sit. AR, p. 27.

Plaintiff contends that this discrepancy "is grounds for reversal of the Commissioner's decision in itself." Docket 18, p. 3.

8

The Commissioner acknowledges the discrepancy but argues that it was harmless error because the ALJ denied Plaintiff's disability claim based upon a vocational hypothetical that explicitly contemplated ALJ Pierce's prior ALJ. AR, p. 64. "Thus, even though ALJ Comisky's RFC finding did not mirror ALJ Pierce's RFC finding, this discrepancy was not material since ALJ Comisky relied on VE testimony that considered ALJ Pierce's RFC finding." Docket 15, p. 2.

The Court finds the Commissioner's position to be persuasive.

In her fact and law summary, Plaintiff argues that the ALJ erred in refusing to consider / re-weigh the opinions of her treating pain management specialist, Laxmaiah Manchikanti, M.D., and the Commissioner's own consultative examiner, Emily Kenner, M.D., which opinions ALJ Pierce had previously discounted, in light of the new radiographic evidence at AR, pp. 350-355.

Plaintiff acknowledges that these opinions are not part of the present administrative record, although the ALJ was well aware of them and Plaintiff insisted that they be re-evaluated. Docket 12, p. 4. According to Plaintiff, the opinions are "now well supported by objective medical evidence which was unavailable at the time of the original ALJ decision." Docket 12, p. 5. Plaintiff argues that the ALJ should have given controlling weight to Dr. Manchikanti's disabling opinion in light of the new evidence and found her disabled.

The Court finds no error in the ALJ's refusal to consider medical opinions submitted in connection with a prior final decision of the Commissioner in light of subsequent medical evidence that did not exist at the time those opinions were given. Plaintiff was, of course, free to obtain updated opinions from these sources (in which the sources could take into account any new and additional evidence) and make those updated opinions part of the administrative record. However, this is not what occurred.

The root error in this case was the ALJ's adoption of the prior RFC notwithstanding new and material medical evidence – regardless of the medical opinions in the prior proceeding, which could not have taken into account the new evidence.

That root error was described by Plaintiff in her supplemental brief, which the Court has found warrants a remand in this case.

## **ORDER**

For the foregoing reasons, this matter is REMANDED to the Commissioner for a new decision and de novo determination of Plaintiff's RFC in light of new and material evidence submitted by Plaintiff and for any further proceedings deemed necessary and appropriate by the Commissioner.